Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/24/2026 08:10 AM CDT

State of Nebraska, appellee, v. Michael E.
McLemore, appellant.
___ N.W.3d ___

Filed July 24, 2026.    No. S-25-646.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.

3. **Postconviction: Constitutional Law: Judgments: Proof.** Under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2016 & Cum. Supp. 2024), postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment is void or voidable.

4. **Postconviction: Appeal and Error.** In an appeal from the denial of postconviction relief, an appellate court will not consider for the first time on appeal claims that were not raised in the verified motion.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Affirmed.

Michael McLemore, pro se.

Michael T. Hilgers, Attorney General, Zachary B. Pohlman, and Cody S. Barnett for appellee.

Funke, C.J., Cassel, Stacy, and Papik, JJ., and Weimer, Cox, and Hoeft, District Judges.

Funke, C.J.

## INTRODUCTION

Michael E. McLemore, proceeding pro se, appeals the order of the district court for Douglas County, Nebraska, dismissing his fourth motion for postconviction relief as time barred. McLemore argues that the time limit for filing a postconviction motion set forth in the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2016 & Cum. Supp. 2024), is unconstitutional as applied to him because his "case . . . occurred" before the enactment of that time limit.[1] McLemore also argues that the district court abused its discretion and deprived him of due process and equal protection by "developing fictitious orders" on his prior motions.[2] Because McLemore seeks relief that is not available under the Nebraska Postconviction Act, and because he failed to raise his claims about the allegedly fictitious orders in his fourth motion for postconviction relief, we affirm the order of the district court.

## BACKGROUND

### Factual Background

After a trial in 1999, McLemore was convicted of first degree murder and use of a deadly weapon to commit a felony and sentenced to life in prison on the murder conviction and not less than nor more than 20 years' imprisonment for use of a weapon. We affirmed McLemore's convictions on appeal,[3] and he subsequently sought postconviction relief and a new trial.

As relevant here, in July 2020, McLemore filed a third motion for postconviction relief, alleging that a key witness against

---

[1] Brief for appellant at 8.

[2] *Id*. at 12.

[3] *State v. McLemore*, 261 Neb. 452, 623 N.W.2d 315 (2001).

him at trial had recanted his testimony. The district court dismissed McLemore's motion as time barred because it was not filed within 1 year of the date when McLemore learned that the witness had recanted his testimony. McLemore appealed in case No. S-21-890, and on April 4, 2022, we summarily affirmed the order of the district court.

FOURTH MOTION FOR POSTCONVICTION RELIEF

In June 2025, McLemore filed what he denominated as a motion for postconviction relief. The substance of that motion also concerned postconviction relief.[4] It was McLemore's fourth motion for postconviction relief.

In his fourth postconviction motion, McLemore sought an evidentiary hearing to challenge the constitutionality of the Nebraska Postconviction Act as applied to him. McLemore noted that the district court had dismissed his third postconviction motion as time barred, as described above. However, McLemore claimed the time limit set forth in § 29-3001(4) was unconstitutional as applied to him because his "case . . . occurred" before that time limit was enacted in 2011. McLemore argued that under the version of § 29-3001 in effect prior to 2011, he was entitled to file a motion for postconviction relief "at 'anytime' and 'without' the one-year limitation period applying." McLemore based this argument partly on the fact that § 29-3001(4) does not expressly state that it applies retroactively. McLemore also relied on Neb. Rev. Stat. § 49-301 (Reissue 2021), which prescribes that repeals of a statute "shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such

---

[4] See, e.g., *Johnson v. Knox Cty. Partnership*, 273 Neb. 123, 728 N.W.2d 101 (2007) (to determine nature of action, court must examine and construe complaint's essential and factual allegations by which plaintiff requests relief, rather than legal terminology utilized in complaint or form of pleading).

repealing statute." McLemore sought an "evidentiary hearing allowing him the opportunity to present this argument."

The State responded that McLemore's fourth postconviction motion was time barred. The State also argued that McLemore was

> attempting to avail himself of the statutory process to obtain postconviction relief provided for in [§] 29-3001 while attempting to evade the time limitation provided in that same statute. Specifically, [McLemore] is attempting to conflate the timing of his murder conviction from 24 years ago with his new filing of a fourth successive motion for postconviction relief . . . in 2025.

The State claimed that argument was "untenable."

The district court dismissed McLemore's fourth motion for postconviction relief on its own motion without an evidentiary hearing. The court began by quoting the entirety of § 29-3001(4), as amended in 2023. The court then noted that, in relevant part, the 2023 amendments had stricken language that called for the 1-year limitation to run, among other things, from the effective date of the 2011 amendments (i.e., August 27, 2011), and replaced it with language calling for the 1-year limitation period to run from the date when the U.S. Supreme Court denies a writ of certiorari or affirms a conviction appealed from the Nebraska Supreme Court. The court reasoned that "[t]his amendment was presumably made because the time for the filing of a [postconviction] motion for any convictions prior to 'August 27, 2011' had long passed." The court then concluded that "[McLemore's] time to file his postconviction motions passed on August 28, 2012," and that all three of the postconviction motions he had filed since then had been denied.

McLemore appealed the order of the district court, and the case was assigned to our docket.[5]

---

[5] See Neb. Rev. Stat. § 24-1106(1) (Cum. Supp. 2024).

## ASSIGNMENTS OF ERROR

McLemore assigns, restated, that the district court abused its discretion and deprived him of due process and equal protection in (1) dismissing his fourth motion for postconviction relief and (2) "developing fictitious orders" on his prior motions, including his third motion for postconviction relief; his December 10, 2019, motion for a new trial; and his April 28, 2022, motion for a new trial.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[6]

[2] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.[7]

## ANALYSIS

### Dismissing Fourth Postconviction Motion

As noted above, McLemore maintains that the district court abused its discretion and deprived him of due process and equal protection in dismissing his fourth motion for postconviction relief. McLemore argues, as he did before the district court, that the time limit set forth in § 29-3001 is unconstitutional as applied to him because his "case . . . occurred" before that time limit was added to the Nebraska Postconviction Act in 2011.[8] The State, on the other hand, argues that the district court did not err in dismissing McLemore's fourth postconviction motion, because (1) the motion was time barred under both the 2011 and 2023 amendments to § 29-3001, (2) the

---

[6] *State v. Custer*, 298 Neb. 279, 903 N.W.2d 911 (2017).

[7] *Id*.

[8] Brief for appellant at 8.

motion seeks relief that is not authorized under § 29-3001, and (3) the motion is without merit because § 29-3001(4) is not unconstitutional as applied to McLemore. We agree with the State that dismissal was proper here.

[3] Under the Nebraska Postconviction Act, postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment is void or voidable.[9] Specifically, § 29-3001 prescribes:

> A prisoner in custody under sentence and claiming a *right to be released* on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion, in the court which imposed such sentence, stating the grounds relied upon and asking the court to *vacate or set aside the sentence.*[10]

Section 29-3001 further provides that if the court finds that there was such a denial or infringement of the prisoner's rights, it shall "*vacate and set aside the judgment* and shall discharge the prisoner or *resentence the prisoner* or *grant a new trial* as may appear appropriate."[11]

McLemore, however, does not ask that the judgment be vacated or set aside, that he be resentenced, or that he be granted a new trial based on a denial or infringement of his constitutional rights in connection with the judgment against him. Instead, his fourth motion for postconviction relief sought an evidentiary hearing to challenge the constitutionality of the Nebraska Postconviction Act as applied to him. McLemore's reply brief on appeal subsequently reframed

---

[9] *State v. Boeggeman*, 316 Neb. 581, 5 N.W.3d 735 (2024), *disapproved on other grounds, State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

[10] § 29-3001(1) (emphasis supplied).

[11] § 29-3001(2) (emphasis supplied).

the relief sought to be an evidentiary hearing on his claim that a key witness against him at trial had recanted his testimony. Neither of those forms of relief is within the "very narrow category of relief" contemplated by the Nebraska Postconviction Act even if they had been timely raised,[12] and McLemore's subsequent reframing of the relief sought was untimely insofar as his reply brief sought relief not requested in his postconviction motion. We have previously explained that postconviction relief is not a substitute for an appeal.[13] It is not a vehicle to compel state-funded DNA testing or to challenge an excessive sentence, the method of execution, or the noncustodial registration requirements of the Sex Offender Registration Act.[14] And it cannot be used to raise issues that occurred after the judgment was entered.[15] We take a similar view of the relief that McLemore seeks here—it is not within the scope of the Nebraska Postconviction Act.

We would also note that McLemore's third postconviction motion—the dismissal of which was affirmed on appeal by this court—raised essentially the same claim regarding the witness who recanted. McLemore could have raised his claim about the constitutionality of the time limit in § 29-3001 as applied to him in connection with his third postconviction

---

[12] *State v. Ammons*, 314 Neb. 433, 440, 990 N.W.2d 897, 902-03 (2023).

[13] See, e.g., *State v. Gamez-Lira*, 264 Neb. 96, 645 N.W.2d 562 (2002); *State v. Pratt*, 224 Neb. 507, 398 N.W.2d 721 (1987); *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984); *State v. Nokes*, 209 Neb. 293, 307 N.W.2d 521 (1981); *State v. Weiland*, 190 Neb. 111, 206 N.W.2d 336 (1973); *State v. Riley*, 183 Neb. 616, 163 N.W.2d 104 (1968); *State v. Losieau*, 182 Neb. 367, 154 N.W.2d 762 (1967); *State v. Erving*, 180 Neb. 680, 144 N.W.2d 424 (1966).

[14] See, e.g., *State v. Ryan*, 287 Neb. 938, 845 N.W.2d 287 (2014), *disapproved on other grounds, State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018); *State v. York*, 278 Neb. 306, 770 N.W.2d 614 (2009); *State v. El-Tabech*, 259 Neb. 509, 610 N.W.2d 737 (2000); *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992); *State v. Niemann*, 195 Neb. 675, 240 N.W.2d 38 (1976).

[15] See, e.g., *Boeggeman*, *supra* note 9.

motion, but he failed to do so. As such, even if we were to view McLemore's fourth postconviction motion to have sought relief within the narrow scope of the Nebraska Postconviction Act, that motion would be procedurally barred insofar as the face of the motion fails to affirmatively show that the issue raised therein could not have been raised in McLemore's third postconviction motion.[16]

## Developing "Fictitious Orders" on Motions

[4] McLemore also argues that the district court erred and abused its discretion by "developing fictitious orders" on his third postconviction motion and two motions for a new trial in order to avoid reaching the merits of his claim that a key witness against him at trial had recanted his testimony.[17] However, McLemore's fourth postconviction motion did not claim that the court had developed fictitious orders. Nor did it mention facts that would support such a claim. The motion mentioned that McLemore's third postconviction motion had been dismissed, as had a postconviction motion that he filed in 2002. However, there was no suggestion that the dismissal of either motion was a pretext to avoid reaching the merits of McLemore's claims (as opposed to being based on an allegedly mistaken reading of the Nebraska Postconviction Act). There was no mention of McLemore's motions for a new trial. McLemore's claim regarding the alleged development of fictitious orders is not properly before us on appeal.[18] In an appeal from the denial of postconviction relief, an

---

[16] See, e.g., *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022) (to avoid being procedurally barred, face of defendant's fifth postconviction motion was required to affirmatively show that his claim could not have been raised in any of his prior postconviction motions); *State v. Jackson*, 296 Neb. 31, 892 N.W.2d 67 (2017); *State v. Marshall*, 272 Neb. 924, 725 N.W.2d 834 (2007); *State v. Ortiz*, 266 Neb. 959, 670 N.W.2d 788 (2003).

[17] Brief for appellant at 12.

[18] See, e.g., *Ammons, supra* note 12 (noting that defendant's postconviction motion did not mention alleged failure to consult or facts that would support such claim).

appellate court will not consider for the first time on appeal claims that were not raised in the verified motion.[19]

We take a similar view of the claim that McLemore raises in his reply brief about the district court's allegedly fictitious order constituting an "'impediment created by [s]tate action'" for purposes of § 29-3001(4)(c).[20] Insofar as McLemore did not raise that claim in his fourth postconviction motion, or allege facts in that motion that would support such a claim, the claim is also not properly before us on appeal.[21]

## CONCLUSION

McLemore seeks relief that is not available under the Nebraska Postconviction Act, and he failed to raise his claim about the development of allegedly fictitious orders in his fourth motion for postconviction relief. As such, we affirm the order of the district court.

AFFIRMED.

FREUDENBERG, BERGEVIN, and VAUGHN, JJ., not participating.

---

[19] See, e.g., *State v. Keadle*, 320 Neb. 583, 28 N.W.3d 524 (2025); *Ammons, supra* note 12; *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021).

[20] Reply brief for appellant at 8.

[21] See, e.g., *Ammons, supra* note 12.